IN WILKES SUPERIOR COURT, JULY, 1831.

The Executors of FLOURNOY *vs.* WILLIAM COXE, Defendant in execution. JAMES DANIEL and Others, Claimants.

### *Motion for new trial.*

ROBERT FLOURNOY, in his lifetime, had obtained a judgment against William Coxe, who was at the time insolvent. The defendant William Coxe, Zachariah Coxe, and Ann Coxe whose father lived in Fauquier county in Virginia, emigrated to this State about thirty years ago. Ann Coxe was single at the time she emigrated, and remained single to the day of her death. When she came to this State she brought two negroes with her, and hired them out, and managed them as her own without control. When her father died in 1803, he had made a will and given the said negroes to the said Ann Coxe in the following words, viz.: "Item, I give to my daughter Ann Coxe, two negroes, Hannah and Jarrard, and which ever should die first, Zachariah or Ann, the surviving one shall come in for the other's part, if they should have no lawful heir," &c. The sum of the testimony on the trial may be stated thus: That the negroes in dispute were originally the property of Abram Coxe of Fauquier county in the State of Virginia—that about the year 1798, his daughter, Ann Coxe, a single woman about 21 years of age, brought said negroes to the county of Wilkes in this State, and exercised the usual acts of ownership over them—that she never returned to Virginia during the life of her father, who died in the year 1803—that on the 17th May, 1805, Ann Coxe sold Hannah to Andrew Ruddle, and executed an absolute bill of sale with general warranty—that at the time of sale Ruddle was informed by William Coxe the defendant in *fi. fa.*, that Ann Coxe had only a life estate in said negro and Ruddle said he did not care, that he would as soon purchase the life estate as the absolute title. The witness who proved that Ruddle had this information, and that he said he would as soon buy the life estate as the absolute title, was Frances Wright, a daughter of the defendant in *fi. fa.*, and it was proven that she was in a state of mental derangement about the time said negro was sold. It was proven by Thomas Terrell, who drew the bill of sale, that it was matter of notoriety that Ann Coxe had only a life estate in said negro under her father's will. Mrs. Hillhouse, a witness, swore that she was well acquainted with Ann Coxe and always understood from her that she owned said slaves in her own right—that she never understood from Ann Coxe or from any one else, that her title to the negroes was limited to a mere life estate. The claimants were purchasers under Andrew Ruddle, the purchaser under Ann Coxe. William Coxe the defendant in ex-

In a case which turned entirely upon matter of fact, where the evidence was contradictory and the special jury had decided, and there were no suspicions of fraud or corruption against the jury, the court refused to grant a new trial.

ecution had purchased from Zachariah Coxe after the death of Ann, his title to the negroes in dispute. The special jury found the property not subject to the execution—that is, in favor of the claimants. Plaintiff in *fi. fa.* moved for a new trial on the following grounds.

1. The verdict was contrary to law.

2. The verdict was contrary to evidence.

*Per Curiam.* The evidence in this case was contradictory; viz., that Ann Coxe had but a life estate in the slaves, and that she claimed and exercised the rights of absolute ownership over them. It was the province of the jury to weigh the evidence and decide on the facts. This they have done, and on due deliberation it is conceived, that the verdict of the special jury ought not to be disturbed. If the jury, in weighing the contradictory evidence, which they had an unquestionable right to do, have given the preponderance to that which supports the title of the claimants, the verdict cannot be said to be contrary to law. Let the rule to show cause why a new trial should not be granted be discharged.